No. 13,230.

## BOYD v. MILL CREEK SCHOOL TOWNSHIP.

TOWNSHIP.—*School Supplies.*—*Contract for.*—*Liability.*—A township is not liable upon a certificate issued by its trustee for school supplies contracted for by him for future delivery, which supplies, although suitable, are not needed in the township schools, and which the township refuses to accept.

SAME.—*Delivery and Acceptance.*—The delivery of the goods to a railroad company by the vendor is not such a delivery as is required to make the school township liable upon a contract which its trustee had no authority to make. In such a case, liability is based upon the actual acceptance and appropriation of the goods.

From the Fountain Circuit Court.

*H. H. Stilwell*, *W. F. McBane* and *I. P. Poulson*, for appellant.

*T. F. Davidson*, for appellee.

MITCHELL, C. J.—This was a suit by Boyd against Mill Creek school township, in Fountain county, to recover on a certificate signed by Arista Glover, school trustee. There is a recital in the body of the certificate to the effect that there is due from the township to the Straight Wood Company six hundred and fifty dollars, for school desks and supplies bought for, and received by, the township. The certificate was duly assigned to the plaintiff.

Several questions are discussed in the briefs, growing out of rulings upon the pleadings, but the questions thus presented, and all others involved in the record, arise upon and may be determined by considering the facts specially found by the court.

The material facts disclosed are, that, on the 1st day of June, 1885, the township trustee above named signed and delivered to the Straight Wood Company a written order directing the company to ship to him at Yeddo, Indiana, on or before the first day of the ensuing September, an invoice

of school desks and seats, which amounted at the price agreed upon to $650. The trustee at the same time delivered the certificate sued on, which contained the recitals above mentioned, and which further stipulated that the amount of the invoice was payable on a day named, at a bank therein mentioned, out of the special school fund of the township, with interest at eight per cent. from date. The company, whose factory was located at Greenfield, Indiana, delivered the goods to the railroad company at that point, duly consigned to Arista Glover, school trustee, as directed in the order. The goods arrived by due course at Yeddo, but the court finds that the township refused to receive them, or any part of them, of which fact the company was duly notified by the local agent of the railroad company. It is found that all of the school-houses of the township were fully supplied with desks and seats at the time the order was given and the shipment made; that, while the goods were suitable for furnishing school-houses, the township had no use for them, but that neither the company nor the plaintiff, its assignee, both of whom acted in good faith, had any knowledge of that fact.

The court stated as its conclusion of law that the township was not liable. Judgment was rendered accordingly.

It. has been decided again and again that a township trustee has no power, by any form of obligation, to bind the corporation of which he is the agent or trustee, by contract, for school supplies, unless supplies suitable and reasonably necessary have been actually delivered to, and received by, the township. *State, ex rel.*, v. *Hawes*, 112 Ind. 323, and cases cited; *Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464.

All persons who deal with a school trustee are charged with notice in the beginning that he is not possessed of general and unlimited authority to acknowledge or certify that the school corporation is indebted for goods which have not in fact been actually delivered to and accepted by the township, and they are likewise bound to take notice that the trustee

has no power, except as conferred by the statute, to contract a debt payable in the future for school supplies, unless the articles contracted for and received and actually appropriated are suitable and reasonably necessary for the township schools.

The reasons why this is so have been so often and so recently stated that it can not be profitable to repeat them again. It is quite true, as is ruled in *Johnson School Tp.* v. *Citizens Bank of Greenfield*, 81 Ind..515, that the duty of determining whether or not school furniture is needed is imposed by law upon the school trustee. When the trustee has ordered school furniture, such as in the exercise of his judgment he deems necessary and suitable for the use of the schools in his township, and the furniture ordered has been actually delivered to and accepted by the township, if the township retains the furniture it must pay what it is reasonably worth. The school corporation is then bound, not so much by the contract of the school trustee, as because it has received and enjoyed the benefit of property furnished for its use by another. It may not enjoy the benefit without paying. Notwithstanding the law commits to school trustees the exclusive right to judge of what supplies are necessary and proper for the use of the schools, persons who contract with the trustee are bound to take notice that he is a public agent, who can exercise only such power in the way of contracting debts as is conferred upon him by law. Persons who, before delivering supplies contracted for, accept an obligation which purports to bind the corporation for a debt which they know it does not owe, and which contains recitals upon its face which both parties know are untrue, take the chance that all the conditions exist which are necessary to confer authority upon the township trustee to contract a debt (*Middleton* v. *Greeson*, 106 Ind. 18) ; or that the township trustee, who has contracted for supplies which his township did not need, may yet repent and refuse to accept goods which were ordered in violation of his duty as a public officer. If the township,

through its proper officer, refuses, as it should, to accept goods contracted for under such circumstances, which if accepted would or might create an unauthorized debt, the corporation can not be held liable.

It is specially found that the township did not receive or use the supplies, and that the agent of the railroad company notified the plaintiff's assignor of the refusal of the corporation to accept the goods. It was not necessary for the township to tender back or offer to return property which it had never received. We recognize the doctrine that a delivery by a vendor to a railroad company may, under some circumstances, constitute a sufficient delivery to the purchaser, but it is not such a delivery as is required to make a school township liable upon a contract which the trustee had no authority to make. In such a case the liability of the township, if it is liable at all, grows out of the actual acceptance and appropriation of the goods. This feature being absent, and it not appearing that the trustee had observed the conditions which conferred upon him the power to contract a debt binding on the township, every element necessary to make the township liable is absent from the present case.

The special findings affirmatively show that they in no manner rest upon the issue presented by the fourth paragraph of answer. Whatever we might conclude, therefore, as to the propriety of the ruling on the demurrer to that paragraph, the result must in the end be the same.

In a case like the present, where no supplies were needed, and none were accepted by the township, the party seeking to enforce a contract against the township for a debt contracted by the township trustee takes the burden of showing that all the conditions existed which conferred authority upon the trustee to contract the debt, or that the situation is such as to make the corporation liable notwithstanding its refusal to accept the goods.

The judgment is affirmed, with costs.

Filed March 28, 1888.