Filed Nov. 22, 1889.

---

## No. 13,781.

## SCHIPPER *v.* THE CITY OF AURORA.

MUNICIPAL CORPORATION.—*Drainage.*—*City's Authority.*—*Right to Acquire Land.*—*Easement.*—A city having the authority to construct sewers and drains for the protection and improvement of the streets, and as incident to that power the right to acquire land, by the ordinary methods, in order to carry out the principal power, it has the power to acquire an easement in land as an outlet for its sewers and drains.

SAME.—*Plan for Drainage.*—*Abandonment of.*—*Liability on Quantum Meruit for Services.*—The city of Aurora, to drain one of its streets terminating at the river bank, adopted a plan which contemplated the construction of a stone gutter to extend from low-water mark to the top of the bank.

Plaintiff, for the protection of this work, agreed to make a filling, at either side of the gutter, in consideration of the grant of the land over which the city had acquired an easement for the purpose of this drainage, to be used for a private landing. Owing to a change in the plan of the work it was found that no landing could be made.

*Held,* that the plaintiff, while not entitled to recover damages for the breach of the contract, being bound to take notice of the city's right to change the plan of the work, could recover for work done under the contract, it being a contract not prohibited by statute, or in violation of public policy.

SAME.—*Public Improvement.—Contract for Future Construction.—Competency of City to Make.*—It was not competent for the city to bind itself to construct an expensive public improvement at a future time in order that a valuable wharf might be created for the plaintiff's use. A municipal corporation can not by contract bind itself when such contract involves the surrender of the exercise of a discretionary right which it is the duty of the corporation to exercise for the public good.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Stapp,* for appellant.

*W. S. Holman* and *W. S. Holman, Jr.,* for appellee.

MITCHELL, J.—Bernard Schipper brought this suit to recover damages for the breach of a contract made by him with the city of Aurora, and to recover for work done under the contract. The court sustained a demurrer to the complaint, and the propriety of this ruling is the only question presented on this appeal.

It appears that Literary street, in the city of Aurora, terminates at the north bank of the Ohio river, and that in order to carry the surface water, which collected on that and other streets, from the top of the bank at the south end of the street, down to the surface of the water in the river, at low-water mark, so as to prevent the washing out of the bank, the city authorities, in the year 1873, determined to construct a stone gutter, of suitable width, on a line with the extension of the center of the street down the slope of the bank, a distance of two hundred and fifty feet. In order to carry its plans into execution, the city obtained a grant from James W. Gaff, who owned the land constituting the bank of the

river, by which it became authorized to contract and maintain the proposed gutter, and also to build and maintain abutments and stone walls necessary to protect the street on the land owned by Gaff. Afterwards, in the year 1875, having constructed the gutter as proposed, for a distance of one hundred feet, upward from low-water mark, the city leased the ground acquired from Gaff to the plaintiff for a period of ten years, to be used for a private landing. The latter agreed, as a consideration for the lease, to fill in with earth on each side of the gutter then constructed, and thereafter to be completed, to the width of fifty-nine feet. It is averred that the plaintiff filled in over five thousand cubic yards of earth along the sides of that part of the gutter which had been completed; that the filling and paving so done by the plaintiff cost and was of the value of $1,000; that it benefited the city to an amount exceeding the cost of the work, by protecting and holding in place that part of the gutter which had been completed. The plaintiff charges that the city refused to complete the work according to the agreement and in conformity with the plans and specifications adopted; that instead of carrying the paved gutter up to the top of the bank it constructed wooden culverts or chutes through which the water was conducted from the top of the river bank down to the point where the gutter had been completed, at the time the lease was made. It is averred that if the gutter had been completed according to the plan proposed, and in the manner agreed upon, the ground leased when filled as contemplated would have constituted a desirable landing, or wharf, but that in the condition in which it was left it was of no value whatever, and that the expense incurred and labor performed by plaintiff had been wholly lost, to his damage, etc.

It is contended in support of the judgment below, that the city of Aurora exceeded its power in attempting to lease the tract of land over which it had acquired an easement to conduct the surface water from the streets of the city, by means

of gutters, to the plaintiff for his exclusive use, as a private landing, and that since the contract was void as a lease, all the auxiliary covenants are discharged. It is conceded that if the appellant had paid money into the city treasury he would be entitled to recover it in the proper form of action, but it is said he has parted with nothing, the city has simply changed its plan, and remained inactive, hence there is no right of recovery in an action for damages for a breach of the contract. The facts, as we view them, make a case of a different complexion.

Cities have authority to construct sewers and drains for the protection and improvement of the streets, and as incident to that power they had the right to acquire land by the ordinary methods in order to carry out the principal power. 2 Dillon Munic. Corp., sections 574, 575.

The city had the unquestioned power to acquire an easement in the land subsequently leased to the appellant, as an outlet for its drains or sewers. *Leeds* v. *City of Richmond*, 102 Ind. 372.

It was also within the undoubted discretion of the city to adopt proper plans, and provide for the construction of such sewers or drains as in the judgment of its officers were fit and necessary to carry the water off the streets. The facts stated show that the city had adopted a plan which contemplated the construction of a stone gutter commencing at low-water mark, and extending, with increasing width, a distance of 250 feet to the top of the bank. For the protection of this work it was necessary to fill in on either side with earth. The appellant agreed to make this filling in consideration of the grant of an exclusive privilege to use the ground for a private wharf. After doing work, which it is averred cost more than one thousand dollars, and which enured to the benefit of the city, the authorities changed the plan so as to render the work done by the appellant utterly valueless to him in the creation of a private landing.

It is not necessary that we should inquire into the power

of the city to make the lease in question. We have seen that it had the power to acquire the ground and construct the work proposed. If we concede that the lease was void, and conferred no privilege on the appellant, it by no means follows that the city may retain the benefit of the work performed without paying, at least, what it would have cost to protect the gutter which it had constructed. Where a city or municipality receives the benefit of money, labor or property upon a contract, made without due formality, or which it had no authority to make, and which it refuses to execute, it will nevertheless be liable to the person conferring the benefit to the extent of the value of what has been received and appropriated, unless the contract was prohibited by statute, or in violation of public policy. *State Board, etc.,* v. *Citizens, etc., R. W. Co.,* 47 Ind. 407 ; *City of Logansport* v. *Dykeman,* 116 Ind. 15. As was said in *Bass Foundry, etc.,* v. *Board, etc.,* 115 Ind. 234 (244) : " When a corporation has received the money or property of an individual, under color of authority, and has appropriated it to its necessary and beneficial use, it will not be heard to assert its want of power to pay the value of what it has received and still retains." *Dill* v. *Inhabitants, etc.,* 7 Met. 438; *Hitchcock* v. *Galveston,* 96 U. S. 341. The case last cited is directly in point, and the principles which ruled the decision control our judgment. The city of Galveston, proposing certain street improvements, entered into a contract for the construction of the work, agreeing to pay for it by delivering to the contractors certain bonds to be issued by the city. Subsequently the city refused to issue the bonds, or pay for the work, on the ground that the agreement to issue bonds was *ultra vires* and void. Conceding that the contract was inoperative, so far as it related to the issuing of the bonds of the city, it was held that it was lawful in other respects, and that the city was liable for the work done under it.

So without inquiring into the power of the city to make the lease in question, since it was confessedly within its power

to make the improvement upon which it had entered, and to cause the work done by it to be protected, the conclusion follows, to the extent that the contract relates to the improvement, it is valid, and imposes upon the city the obligation to pay for the benefits received under it.

The city proposed to compensate the plaintiff 'for his work by granting him the right to use the ground for a private landing. Subsequently, owing to a change in the plan of the work, it was found that no landing could be made. The city had the undoubted right to change the plan of the work, and of this right the appellant was bound to take notice. It was not competent for the city to bind itself to construct an expensive public improvement at a future time in order that a valuable wharf might be created for the appellant's private use. A municipal corporation can not by contract bind itself, when such contract involves the surrender of the exercise of a discretionary right which it is the duty of the corporation to exercise for the public good. *City of Peru* v. *Gleason,* 91 Ind. 566, and cases cited. But having changed the plan so that the result was an appropriation of the plaintiff's work, it can not now be heard to say that it has no power to pay for what it has received.

So far, therefore, as the appellant's complaint counted upon a right to recover for the failure of the city to complete the work as proposed, the demurrer was properly sustained. The complaint was, however, broad enough to include a right to recover for the work done, the benefit of which enured to the city. In that respect the complaint stated facts sufficient to constitute a cause of action.

The judgment is reversed, with costs.

Filed Nov. 22, 1889.