## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1889, IN THE SEVENTY-
FOURTH YEAR OF THE STATE.

123   1
123  600
123   1
124  195

123   1
161  420
161  424

---

No. 14,036.

### BOYD ET AL. v. BLACK SCHOOL TOWNSHIP.

TOWNSHIP TRUSTEE.—*Contraction of Debt by, in Excess of Fund on Hand.—
How May be Made.—County Commissioners.*—A township trustee has no
power to bind his township by contracting a debt in excess of the fund
on hand to which the debt is chargeable, and of the fund to be derived
from the tax assessed against his township for the year in which such
debt is to be incurred, without first procuring an order from the board
of county commissioners, as provided in sections 6006 and 6007, R. S.
1881.

SAME.—*School Supplies.—Purchase of without Authority.—Suit to Recover for.—
Value of Property Received.—What Township May Show as to.—Rescission of
Contract.—Tender.—Evidence.*—When the trustee of a school township
undertakes to bind his township by contracting a debt in disregard of
the above sections, and property has been received and retained which
is beneficial to the township, it is competent for the township to show
that the property is worth less than the contract price, without offering
to rescind the contract or tendering back the property received.

SAME.—*Invalid Contract for School Supplies.—Right of Recovery against Town-
ship.—What Based upon.—Extent of Township's Obligation.*—Where it ap-
pears, in a case like the present, that the contract was invalid for want

of a compliance with the statute, the right to recover does not rest upon the contract, but upon the fact that the township received and enjoyed the benefit of property suitable and necessary for the use of the schools. In such a case the township is only bound to pay the actual cash value of what it received.

From the Posey Circuit Court.

*E. D. Owen* and *F. P. Leonard*, for appellants.

*A. P. Hovey, E. M. Spencer* and *G. V. Menzies*, for appellee.

MITCHELL, C. J.—James R. Boyd, and two others, partners, doing business in the firm name of Boyd, Hinchman & Co., brought this action as the assignees of The Straight Wood Company, against Black School Township, in Posey county. They alleged in their complaint that the township trustee, on behalf of the township, executed a promissory note whereby the school corporation promised to pay to the plaintiffs' assignor $342, on a date specified, for certain school furniture therein described. It is alleged that the furniture was suitable and necessary for the use of the schools in the township; that it was delivered to and received, retained, and used by the township, and that the articles sold and received were worth the amount agreed to be paid for them. The plaintiff recovered a judgment for $118.51, and the principal, if not the only, question presented is whether or not evidence was properly admitted which tended to prove that the furniture was worth less than the contract price. It is settled by the decisions of this Court that a township trustee has no power to bind his township by contracting a debt in excess of the fund on hand to which the debt is chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt is to be incurred, without first procuring an order from the board of county commissioners, as provided in sections 6006 and 6007, R. S. 1881. *Jefferson School Township* v. *Litton*, 116 Ind. 467 ; *Middleton* v. *Greeson*, 106 Ind. 18 ; *Roseboom* v. *Jefferson School Tp.*, 122 Ind. 377.

The evidence fairly discloses that the township trustee contracted the debt mentioned in the complaint in violation of the provisions embraced in the above sections. When the trustee of a school township undertakes to bind his township by contracting a debt in disregard of those sections, and property has been received and retained which is beneficial to the township, it is competent for the township to show that the property was worth less than the contract price, without offering to rescind the contract, or tendering back the property received. Possibly in a case where all the conditions existed which authorized the township trustee to create a valid debt against the township, the corporation would be bound by the contract price the same as an individual, unless it appeared that a fraud had been perpetrated on the township. Surely, if the vendor of the goods and the township trustee entered into a conspiracy to defraud the township by inserting in the note a sum largely in excess of the known value of the property received, the utmost that could be recovered on the contract would be the actual value of the property retained and used in the schools of the township. This would be so whether the township trustee had or had not complied with the statute. In a case like the present, where it fairly appears that the contract was invalid for want of a compliance with the statute, the right to recover does not rest upon the contract, but upon the fact that the township received and enjoyed the benefit of property suitable and necessary for the use of the schools. *Boyd* v. *Millcreek School Township,* 114 Ind. 210. In such a case it is only bound to pay the actual value of what it received.

The case was apparently tried upon this theory, and there is no error in the record.

Judgment affirmed, with costs.

Filed March 20, 1890.