## Moss et al. *v.* Sugar Ridge Township, Clay County.

161   417
163   340
163   341
161   417
171   677

[No. 20,210. Filed November 19, 1903.]

Townships.—*Reform Law.*—*Contract to Improve Highway.*—A recovery can not be had against a township for work and labor in improving a public highway of the township, where the contract was entered into with the township trustee in violation of the act of 1899 (Acts 1899, p. 150) known as the township reform law. *pp. 418-426.*

Same.—*Reform Law.*—*Judicial Notice.*—A contract entered into by a township trustee on the 17th day of August, 1899, for the repair of a highway without complying with the act of 1899 (Acts 1899, p. 150) known as the township reform law will be held void; since the court takes judicial notice that the law went into effect on the 27th day of April, 1899, and that the next term of the circuit court of the county commenced on the 29th day of May, and it will be presumed that the judge, in compliance with the law, appointed a township advisory board, and that the township trustee posted notices of the meeting of such board for the first Tuesday in September, not less than thirty days prior to the date of such meeting, as required by law, and, when so considered, the contract

was entered into after the appointment of the advisory board and within twenty days of the annual meeting of said board. *pp. 418-426.*

From Clay Circuit Court; *P. O. Colliver*, Judge.

Action by John C. Moss and others against Sugar Ridge Township. From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court, under clause 2, §1337j Burns 1901. *Affirmed.*

*S. D. Coffey, S. M. McGregor* and *J. A. McNutt*, for appellants.

*G. S. Payne* and *G. A. Knight*, for appellee.

JORDAN, J.—Action by appellants upon a written contract to recover against Sugar Ridge township, Clay county, the sum of $1,200 for work and labor performed in repairing and improving a certain public highway in said township. A copy of the contract is filed with the complaint and made a part thereof. The following facts are disclosed by the pleading: On August 17, 1899, appellants and one Samuel Butt, the proper trustee of said Sugar Ridge township, entered into the written contract in suit for the repairing and improving of a certain public highway therein. This highway, at the time the contract was made, was in need of repair and improvement, it being unfit for travel by the public thereover. Before entering into the contract in question, the township trustee, together with appellants, consulted an attorney at law who at the time was the legal adviser of the trustee in regard to matters pertaining to his office. This attorney informed appellants and the trustee that the latter had the legal right to bind his township by making said contract. Appellants, as averred, were ignorant of the law governing the power of the trustee in such cases, and they, in good faith, relied upon the advice of the attorney, and thereupon entered into said contract for repairing and improving the highway in question, and thereunder repaired and improved it. The work or labor performed,

by them in making said improvement, it is alleged, was reasonably worth $1,219.22. The character of the work, etc., is specified and the charges itemized. It is further averred that the work performed upon the highway was necessary in order to render it safe and suitable for the travel of the public thereon, and that after the completion of said improvement the township trustee and the public accepted it, and have received the benefits thereof. It is alleged that appellants, after they had finished the work in question, for the first time were informed that the township trustee had no power, under the law, to make said contract and thereby bind his township, and that he had acted without authority. It is charged that although the township has received the benefit of the work performed by appellants upon the highway, it nevertheless refuses to pay therefor. A demurrer for want of facts was sustained to the complaint, and its sufficiency to withstand a demurrer is the only question presented.

The contention of appellants' learned counsel is that the contract set out in the complaint was within the general scope of the legal authority with which the township trustee was invested in respect to the repair and improvement of public highways within his township. They admit, however, that the contract is impressed with an infirmity or invalidity because of the failure of the trustee to receive bids for the improvement of the highway, and let the work, upon notice, to the lowest bidder, as provided by the road law pertaining to the expenditure of road taxes. §§6835, 6836 Burns 1901. This failure, it is conceded, rendered the contract void; but the argument is advanced that the omission upon the part of the trustee to let the contract for the improvement of the highway to the lowest bidder, as provided by §6836, *supra,* was due to the mistake of appellants' attorney, and that the mistake is of such a technical character that a court of equity will nevertheless award appellants the necessary relief. Under the

facts it is further contended that inasmuch as the township has received the benefit of appellants' labor, which was necessary in improving the public road, therefore the law created an implied contract upon its part to pay the reasonable worth of the labor performed. In support of the contention counsel cite *Boyd* v. *Black School Tp.,* 123 Ind. 1, and cases of like character.

Counsel for appellee, however, insist that the contract in question is null and void, because the trustee, under the facts, is not shown to have had any authority whatever to create a debt against his township for improving the highway in controversy, in the absence of funds on hand, or to be derived from an existing levy, which he could legally have used in the payment for the improvement. Or, in other words, their contention is that the contract in suit is void for the reason that it was entered into in violation of the provisions of an act of the legislature approved February 27, 1899 (Acts 1899, p. 150), known as the township reform law. We are of the opinion that this contention must be sustained.

By §1 of this act an advisory board is created for each township in this State, to be composed of three resident freeholders and qualified voters of the township, and it is required to meet annually on the first Tuesday in September, notice of which meeting shall be given as provided by §3 of the act. The law provides that at such meeting this board shall consider the various estimates of township expenditures proposed by the trustee, and shall have the power to concur in such estimates in whole or in part, or to reject the same or any part thereof, or to reject any proposed item in whole or in part. It is authorized to fix and determine the rate of taxes to be levied for the ensuing year upon the property and polls of the township subject to taxation. By §3 the township trustee is required, not less than thirty nor more than forty days before the annual meeting of the board, to post at or near

the doors of all the postoffices in the township a notice and statement of the "several estimates and amounts of the proposed annual expenditures and the rates of taxation proposed for levy against the property within such township for the several funds to be expended for his township during the calendar year, and also copies of such notice shall be published one time in the issue printed in the first week of August of each year in the two leading newspapers published in the county, representing the two political parties casting the highest number of votes in such county at the last preceding general election, and one publication in a newspaper in the township interested, if there be a paper published therein. * * * And he shall furnish within like periods to each of the members of the advisory board, a statement of such estimates and amounts. Such statement shall contain a notice of the place of meeting of the advisory board, and shall be substantially in the following form." Clauses one, four, and five of the statement prescribed are as follows: "1. Township expenditures, $.........., and township tax, ........ cents on the hundred dollars." "4. Road tax expenditures, $.........., and tax, ........ cents on the hundred dollars. 5. Additional road tax expenditures, $.........., and tax, ........ cents on the hundred dollars." Section 6 of this act, among other things, authorizes the township trustee to convene this board in special session, and it may at such meeting determine whether an emergency exists for the expenditure of any sums of money not included in the existing estimates and levies. It is provided in said section that "In the event that such an emergency is found to exist, said board may authorize * * * the trustee to borrow a sum of money, to be named, sufficient to meet such emergency; and at the next annual session of the board a levy shall be made, to the credit of the fund for which such expenditure is made, to cover and pay the debt so created. In

no event shall a debt of the township, not embraced in the annual estimates fixed and allowed, be created without such special authority, and any payment of such unauthorized debt from the public funds shall be recoverable upon the bond of the trustee in a suit." Section 11 expressly declares that all contracts made in violation of the act shall be null and void, and §12 repeals all laws and parts of laws inconsistent therewith. This statute has made a radical change in the authority or power with which township trustees were invested by former laws.

Counsel for appellants, however, contend that this act was not in force on the 17th day of August, 1899, the time the contract in controversy was made, and consequently the trustee was not controlled thereby in making the contract, and the latter is not affected by its provisions. By §12 of this law the circuit court of each county, at its next term after the taking effect thereof, was empowered to appoint the members of the advisory board in and for the several townships of the county. It was provided that such appointees should constitute the advisory board of the township until their successors were elected and qualified. We judicially know that this law went into effect on the 27th day of April, 1899, by virtue of the proclamation of the Governor. We in like manner know that the next term of the circuit court of Clay county after the act took effect commenced on the 29th day of May, 1899, which term did not, under the law, necessarily close until July 1, next following. We must assume, therefore, that the judge of the Clay Circuit Court complied with the requirements of the statute and appointed persons to constitute this board in the several townships of Clay county at some time during said term. These boards, as we have seen, were authorized to meet in regular session on the first Tuesday in September. It must be admitted, therefore, nothing to the contrary appearing, that the members of the advisory board of Sugar Ridge

township of said county had been duly appointed, and that said board was virtually in existence for over forty days prior to the making of the contract in this action.

The 17th of August, 1899, was less than twenty days before the time fixed by the law for the annual meeting of this board. It will be further observed that the township trustee of each township is required by §3 of the act to make out and post, as therein provided, a statement of the estimates and amounts of the expenditures, etc., of the township for the year. This statement, which includes the notice of the annual meeting, is required to be posted not less than thirty days before said meeting of the board, and copies thereof are required to be published in two leading newspapers in the county in the issue thereof printed in the first week of August of each year. We may presume that the trustee of appellee township had discharged his duty as provided by these provisions of the statute, and had already made out, posted, and caused to be published the required statement prior to the time he entered into the contract with appellants. It is manifest that the argument of their counsel to the effect that the trustee was not governed by this particular statute is wholly without support. He was certainly under the control of the statute at the time he made the contract in controversy. This contract, being in violation of the act, consequently was impressed or affected by the provision thereof which declared it to be null and void. By this contract an indebtedness was attempted to be created against the township without authority from said advisory board. The statute, as we have seen, was at the time in force; and although the execution of the instrument preceded the time fixed for the annual meeting of said board, it was nevertheless subject to and controlled by the provisions of the law. If the trustee was confronted with an emergency requiring the immediate repair or improvement of the highway, and had no funds on hand which he

could legally have appropriated for that purpose, there is no reason assigned why he could not have convened the advisory board of his township in a special session, in order to give him authority to borrow money, if necessary, to be used in paying for improving the highway. The mere facts that the highway was in bad repair and unsafe for public travel, and that the labor performed by the appellants was necessary and beneficial, and that the improvement or work, after being completed, was accepted by the trustee and the public, will not avail in this action to sustain a recovery. The contract in dispute being in violation of the statute, was, as therein declared, absolutely null and void, and is wholly without substance; consequently appellants have nothing under the facts upon which to base either an expressed or an implied right to recover against appellee.

Cases like *Boyd* v. *Black School Tp.,* 123 Ind. 1, and others of like character, cited by counsel for appellants, are distinguishable from the case at bar. These hold, in effect, that where a municipal corporation under a contract not prohibited by statute or public policy, but under one merely invalid by reason of want of due formality or noncompliance with law, has received the benefit of any money, property, or labor of another, where the same was actually necessary for the use of the corporation, it will be liable to the extent of the reasonable value of that which it has received and used. *Wrought Iron Bridge Co.* v. *Board, etc.,* 19 Ind. App. 672, and authorities there cited.

In the Boyd case, *supra,* this court, following its decision in other cases of like import, held that the right to recover under the circumstances therein did not rest upon the promissory note executed by the trustee on behalf of the school township, but upon the fact that said township had received and enjoyed the benefit of property suitable and necessary for the use of its public schools.

In *Clements* v. *Lee,* 114 Ind. 397, it is affirmed that a person about to enter into a contract with a city, must at least examine the records so far as to enable him to ascertain whether the common council has taken the steps necessary to authorize the particular contract. In fact, it is a familiar and well-settled principle of law that all persons contracting with a municipal or public corporation must at their peril inquire into its powers or that of its officers under the law to make the contemplated contract. This principle, the authorities affirm, is more strictly applied in public corporations than in the law governing private corporations. Dillon, Munic. Corp. (4th ed.), §§447, 457.

Under the facts, the case at bar, in view of the positive statutory prohibition, is not one which is open to the implied contract rule for which counsel for appellants contend. The contract in question was not only made without authority of law, but was a positive violation of the township reform act of 1899, and, as a consequence of such violation, it is condemned by that statute to be null and void. In truth, the insistence of appellants' counsel that the facts in this case create an implied liability against appellee is not supported by any decisions of this court. Under our previous holdings it has been universally affirmed that contracts by municipal corporations which were either prohibited by statute, as in the case at bar, or which were in violation of public policy, could not result in creating an implied liability against such corporations. *Schipper* v. *City of Aurora,* 121 Ind. 154, 6 L. R. A. 318, and cases cited; *Wrought Iron Bridge Co.* v. *Board, etc., supra.* See, also, *Franklin Nat. Bank* v. *Whitehead,* 149 Ind. 560, 579, 39 L. R. A. 725, 63 Am. St. 302.

Township trustees are the creatures of the legislature, and they must pursue and exercise their powers in strict compliance with the statutes by which they are governed; and their authority does not extend beyond that which is either expressly or impliedly granted by law. The un-

fortunate condition of appellants is to be regretted, and the claim which they present, although not legally binding against the township, is doubtless just. A court, however, under the facts disclosed, must be controlled by the imperative demands of the law applicable thereto, and has no power to grant either legal or equitable relief. In entering into the contract appellants were bound to know at their peril whether the trustee had the power legally to bind his township, and neither their ignorance of the law nor the mistake of the attorney by whose advice they apparently were influenced will, in the eye of the law, excuse or relieve them.

The demurrer to the complaint was properly sustained. Judgment affirmed.