## OHIO OIL CO. v. MICHIGAN CITY.
### No. 7506.

Circuit Court of Appeals, Seventh Circuit.

Feb. 7, 1941.

Rehearing Denied Feb. 24, 1941.

BRIGGLE, District Judge, dissenting.

Theron F. Miller, of Michigan City, Ind., and S. J. Crumpacker, of South Bend, Ind., for appellant.

Ben C. Rees and Alfred J. Link, both of LaPorte, Ind., for appellee.

Before MAJOR and KERNER, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in a suit to recover the value of supplies and services furnished by the plaintiff and which were ordered, accepted and used by the defendant in the necessary operation of its Police, Fire and Street and Alley Departments. The supplies and services furnished consisted of gasoline, oil, tires, spark plugs, kerosene, anti-freeze and tire repairs.

There is no dispute concerning the facts, which so far as pertinent, are:

(1) On September 3, 1937, the defendant adopted Ordinance No. 1408 wherein was appropriated for the expenses of the fiscal year beginning January 1, 1938, and ending December 31, 1938, the following amounts:

a. For the Street and Alley Department, $60,630, of which amount $6,250 was for supplies;

b. For the Fire Department, $61,202.-50, of which amount $3,445 was for supplies;

c. For the Police Department, $61,560, of which amount $2,180 was for supplies.

(2) The judgment in dispute is for the unpaid balance for supplies and services furnished the Police Department subsequent to August 31, 1938, and the Street and Alley Department subsequent to June 25, 1938; the funds appropriated for these departments having been exhausted prior to those dates.

(3) The plaintiff and defendant acted in good faith—the supplies furnished were used by the defendant and were necessary in the operation of its Police Department and Street and Alley Department.

(4) The fact that the appropriated funds for the departments involved were exhausted as stated, was not known until some time subsequent to the fiscal year in question—in fact, at the time the supplies and services were furnished, there was no way of ascertaining from the books of the city whether or not such appropriations were exhausted.

(5) The supplies and services were furnished on different dates, as requested by employees of the defendant, and the amount involved in suit is the reasonable value thereof.

The defendant here, as in the court below, defends on the ground that the funds appropriated were exhausted prior to the furnishing of such supplies and services, and that their purchase was therefor prohibited by statute and void. Sections 48-1411, 48-1507 and 48-1508 of Burns Revised Statutes of Indiana, 1933 Ed. It follows, so it is contended, that there can be no recovery either upon contract or a quantum meruit basis.

Section 48-1507 of the Indiana Statutes provides: "No executive department, officer or employee thereof shall have power to bind such city to any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purposes of such department; and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations are declared to be absolutely void: * * *."

Section 48-1411 provides: "No order or warrant for any purpose shall be drawn against the funds of any city, in the hands of the treasurer or other officer, unless an appropriation has been made by ordinance for such purpose and such appropriation is not exhausted, * * *."

Section 48-1508 imposes a penalty upon any city official who shall issue any " * * bond, certificate or warrant for the payment of money * * * beyond the unexpended balance of any appropriation made for such purpose * * *."

The parties disagree as to the interpretation to be given these statutory provisions. Plaintiff contends that a contract is void only when there has been a failure to appropriate "by ordinance for the purpose" for which the supplies or services were rendered. The argument follows that inasmuch as the appropriation for the period in question was duly made, the provision has no application. On the other hand, the defendant, while recognizing that the appropriation was made, contends the supplies and services were furnished subsequent to a time when the appropriated funds were exhausted, and, therefore, the provision is applicable and the contract void.

We are of the opinion that plaintiff's position is consistent with a reasonable construction of the statute. While, no doubt, the purpose of the Legislature was to protect the taxpayer by limiting the right of municipal officials to incur obligations to the extent that appropriated funds were available to meet such obligations, yet it does not seem reasonable that it intended to impose a condition impossible of ascertainment upon one dealing with a city. In the instant case there was no way of ascertaining that such funds had been exhausted—in fact, the city officials themselves were unable, from their books and accounts, to make such ascertainment. Sufficient funds had been duly appropriated; there was nothing to disclose that they had been exhausted, and under such circumstances, we have serious doubt that the transactions were void.

We are further of the opinion that a decision of this case does not depend upon a construction of these provisions because the suit is not predicated upon a contract, express or implied, but rather upon a quasi contract or quantum meruit theory. American La France F. E. Co. v. Borough of Shenandoah, 3 Cir., 115 F.2d 866. Under such circumstances, it appears that even though the statutory provision precludes a recovery upon a contractual theory, it does not necessarily follow that plaintiff is not entitled to recover upon the theory sought to be maintained. Defendant, in support of its contention, relies upon a number of Indiana decisions which are controlling, if applicable. Among such decisions are Hamer v. City of Huntington, 215 Ind. 594, 21 N.E.2d 407; City of Indianapolis v. Wann, Receiver, 144 Ind. 175, 42 N.E. 901, 31 L.R.A. 743; Moss v. Sugar Ridge Township, 161 Ind. 417, 68 N.E. 896; Schipper v. City of Aurora, 121 Ind. 154, 155, 22 N.E. 878, 6 L.R.A. 318; and Mazac v. City of Michigan City, 98 Ind.App. 366, 189 N.E. 400. As pointed out by the plaintiff, in all of these cases the courts were dealing with situations wherein it was sought to maintain a suit upon contract and where no appropriation had been made, which fact was or could have been readily ascertained from an inspection of the records of the municipality. In the Hamer case, the court, on page 600 of 215 Ind., on page 410 of 21 N.E. 2d said: "* * * This contract would have constituted a valid and binding contract between the city and the company

if, at that time, there had been funds appropriated for the purchase of said equipment. * * *"

Without analyzing such cases, it is sufficient to say that the same situation existed in each of them, while in the case before us, as stated, recovery is sought, not upon a contract, but upon a quantum meruit.

Plaintiff cites cases from many jurisdictions to the effect that a municipality is liable for supplies and services furnished, even though any contract with reference thereto is ultra vires because made in violation or non-compliance with statutory provisions. Typical of such cases is Louisiana v. Wood, 102 U.S. 294, 26 L. Ed. 153, which was a suit by a bondholder upon bonds issued by the town, and which were invalid for non-compliance with certain statutory provisions. The court held there could be no recovery upon the bonds, but that recovery could be had for money had and received. The court, on page 299 of 102 U.S., 26 L.Ed. 153, said: "* * * While, therefore, [the payment of] the bonds cannot be enforced, * * * the money paid for them may be recovered back. * * * 'the obligation to do justice rests upon all persons, natural or artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.'"

Such authorities, it must be conceded, are not controlling unless such rule has been recognized by the courts of Indiana. We think it has. In City of Logansport v. Dykeman, 116 Ind. 15, 17 N.E. 587, the city defended a claim for personal services on the ground that the contract for such services was made without compliance with certain statutory provisions. Among other things, the court, on page 21 of 116 Ind., on page 590 of 17 N.E. said: "So, also, in respect to services performed for a corporation at its request. If the service relates to a matter within the scope of its powers, the corporation will be bound by implied contracts or agreements to pay; and such implied agreement may be deduced [by inference] from authorized corporate acts without either a vote or deed or writing.'"

In Schipper v. City of Aurora, supra, the city defended a suit for services rendered on the ground that it had exceeded its authority in executing an involved

lease, which, therefore, was void. In reversing the trial court and permitting recovery, the court, on page 158, of 121 Ind., on page 879 of 22 N.E., 6 L.R.A. 318, said: "* * * If we concede that the lease was void and conferred no privilege on the appellant it by no means follows that the city may retain the benefit of the work performed without .paying, at least, what it would have cost to protect the gutter which it had constructed. * * *"

On the same page, the court quotes from Bass Foundry, etc., v. Board, etc., 115 Ind. 234, 244, 17 N.E. 593, as follows: "* * * When a corporation has received the money or property of an individual, under color of authority, and has appropriated it to its necessary and beneficial use, it will not be heard to assert its want of power to pay the value of what it has received, and still retains. * * *"

In Boyd v. Black School Township, 123 Ind. 1, 23 N.E. 862, it was sought to defeat recovery· on the ground that the promissory note sued on was given for the purchase price of .school furniture in violation of a statutory provision. The court, on page 3, of 123 Ind., on page 863 of 23 N.E., said: "* * * In a case like the present, where it fairly appears that the contract was invalid for want of a compliance with the statute, the right to recover does not rest upon the contract, but upon the fact that the township received and enjoyed the benefit of property suitable and necessary for the use of the schools. Boyd v. Mill Creek School Township, 114 Ind. 210, 16 N.E. 511. In such a case it is only bound to pay the actual value of what it received."

None of the Indiana cases called to our attention is directly determinative of the instant situation. · As stated, those relied upon by the defendant have to do with suits upon contract made void by statute for the reason that no appropriation ordinance had been made. On the other hand, the cases relied upon by the plaintiff do not involve the construction of the statutory provisions here in question, but they do deal with situations where recovery has been permitted for the actual value of supplies and services furnished, which could not have been had upon a contract made in violation of certain statutory provisions.

Thus, we are convinced that the general rule applicable in other jurisdictions is applicable and controlling in Indiana.

The judgment is affirmed.

BRIGGLE, District Judge (dissenting).

I am convinced that, under the Indiana statute in question and the decisions of the Indiana courts, there should be no recovery in the instant suit. The statute is plain and unambiguous and condemns as void any attempt to bind the municipality beyond the sum appropriated. Those dealing with the city in the face of such statutory law do so at their peril, and it is unimportant that the parties may not have known at the moment that the appropriation had been exhausted and may seemingly have acted in good faith. Recognition of plaintiff's right of recovery on the doctrine of quantum meruit is but a method of invalidating the statute in question. Such equities as surround plaintiff must, under the circumstances, yield to the plain statutory provisions. Moreover, there is a much broader equitable basis for denying than for permitting recovery. The statute is for the general welfare and protection of the public and particularly the taxpayers of the defendant municipality. To brush the same aside and permit recovery beyond the sums appropriated on some supposed basis of "goods sold and delivered" or "money had and received" leaves the public without the protection conferred by the legislature.

The assumption that an appropriation having in fact been made, but having been exhausted prior to the sale of the merchandise in question in some way relieves plaintiff from the effect of the statute is, in my judgment, without force.

The Indiana cases which have permitted recovery where the merchandise sold or the services rendered were not prohibited by statute or public policy are to be distinguished from the instant case. The statute here prohibits any officer or employee of·a city from binding the city on any contract or in any other way and makes absolutely void "all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations * * *." It will thus be seen that implied as well as express agreements to pay for merchandise beyond the sum appropriated are condemned by the act.