RIETH-RILEY CONSTRUCTION COMPANY, INC. *v.* TOWN OF INDIAN VILLAGE, INDIANA.

[No. 20,081. Filed February 21, 1966.]

*James F. Thornburg, William J. Reinke, Daniel W. Rudy,* and *Oare, Thornburg, McGill & Deahl,* of South Bend, for appellant.

*Louis L. Anderson* and *George P. Roberts,* of South Bend, for appellee.

WICKENS, J.—The question here relates to the liability of a town for benefits which it received, but had not contracted for in the prescribed statutory form.

The Town of Indian Village successfully resisted a suit by appellant contractor for street improvement costs, in the trial court.

The street improvement was completed, the Town was billed for grading and bituminous surface treatment in the total sum of $800, no part of which has been paid. At the trial it was stipulated by the parties that said sum represents a fair cash market value of the materials furnished and work performed.

Many of the facts were stipulated and there was little if any conflict therein. At a meeting held without regular notice or waiver and at a time other than that fixed by resolution, appellant-contractor's written proposal was accepted in writ-

ing over the signatures of two of the three Town Board members. The first paragraph of the acceptance directed to appellant so signed, read:

"Following a meeting of the Trustees of Indian Village the undersigned was authorized to order you to proceed in the program for the improvement of the above captioned road as outlined in your letter to Mr. Charles Armstrong and dated June 19, 1953."

A member of the Town Board and also the Clerk Treasurer were not in attendance. The meeting was, however, at the usual meeting place, the home of the President of the Board, minutes were taken and written, other town business was transacted and about a dozen residents were present as stated by appellee.

At this gathering the street improvement project was discussed and the representative of the contractor purportedly gave some advice concerning the transaction of such public business. As a former city comptroller of South Bend he discussed a statute which would permit the Town to buy materials up to $1000 without preparing specifications, advertising, and receiving competitive bids. Acts 1945, ch. 99, § 1, p. 215, § 53-501 Burns' 1964 Replacement. Apparently the contractor and the Town, as both were represented, made an effort to contract under the provisions of that statute. Accordingly the contractor's written proposal fixed his charge at "the rate of sixty-one ($0.61) cents a lineal foot (10 feet wide)." The acceptance specified "The total expense should not exceed $800.00." No advertisement for bids was made.

A few days after the meeting at which the offer was made, the Clerk Treasurer raised some question with Board members as to the legality of the written offer and acceptance. No one appears to have objected to the improvement being made, either at the meeting or even subsequently. The contractor's statement was received by the Town at a meeting nine months after the purported authorization. According to Town Board

minutes, a motion was passed then and there that the Treasurer send a check in payment of the account to the plaintiff. This the Clerk Treasurer did not do.

The evidence reveals that most of the business of the Town has been carried on informally. There was no meeting place provided, so officials customarily met at the home of the President of the Board. Word of mouth usually summoned officials and townsfolk. Even the minutes of those meetings which were evidently prepared by the Clerk Treasurer were far from complete. Board members held over without elections. The "regular" meeting day changed from once a month to four times a year and from one night to another without any specification by ordinance or resolution.

Appellant proceeds here on the theory that the decision is contrary to law because: 1) the evidence shows a written contract and compliance therewith by the contractor; 2) the evidence further shows appellee town received and accepted the benefit of appellant's work and material and the value thereof was stipulated hence recovery should have been awarded on quantum meruit, quantum valebant or quasi contract; 3) appellee by its actions waived objections and ratified the order it gave appellant to improve the street.

On its part appellee urges that the evidence shows there was no meeting of the Town Board; that only at an informal gathering of two of the three Board members the matter was discussed and the so called offer and acceptance exchanged; that the Board members relied on appellant's representative for an opinion on legal methods of contracting; that the terms of the alleged agreement are contrary to that statutory law of Indiana which requires specification, advertising, and competitive bids (Acts 1947, ch. 306, § 1, p. 1248, § 53-108 Burns' 1964 Replacement) and therefore that the judgment should now be affirmed.

There was no charge of fraud and no evidence thereon. Appellee by way of argument says that the court found that

appellant was not acting in good faith. The judgment being a general one, we are permitted to assume much, including the premise that all things were litigated that might have been litigated under the existing issues. But we cannot postulate that the trial court found the existence of fraud.

This state has attempted to limit its liability and that of its units, the cities, towns and others by specified statutes requiring formality of proceedings, contracts, bids, and specifications. These enactments have been held binding in various degrees over the years.

One of the early cases held that claims against a county "can exist only . . . where there is a statute providing for them and directing compensation." *Moon* v. *The Board of Commissioners of Howard County* (1884), 97 Ind. 176, 177.

But later where a city employed the plaintiff on a commission basis to attempt to secure a reduction of its bonded indebtedness, our Supreme Court held the agreement binding despite the fact that it was not in writing or supported by yea and nay voting records of the common council, evidently then required by statute. There the court held the city possessed certain "incidental powers" and agreements made in accordance were not void. It was also held where agreement could be made without particular conditions or formalities, they might be ratified in like manner. *The City of Logansport* v. *Dykeman et al.* (1888), 116 Ind. 15, 19, 20, 17 N. E. 587.

We recognize some ambiguity in the language of that opinion, and that the writer distinguishes it from street improvement cases. But we accept the rational thereof as appropriate in this matter because we are here also primarily concerned with lack of formality.

In *Schipper* v. *The City of Aurora* (1889), 121 Ind. 154, 22 N. E. 878, 6 L. R. A. 318, the city defended a suit for

services on the ground that it had exceeded its authority in executing a lease the city said was void. In reversing a decision in favor of the city our Supreme Court held that even if the lease were void, it by no means follows that the city may retain the benefit of the work performed without paying. At page 158 of 121 Ind. the court said further:

"Where a city or municipality receives the benefit of money, labor or property upon a contract, made without due formality, or which it had no authority to make, and which it refuses to execute, it will nevertheless be liable to the person conferring the benefit to the extent of the value of what has been received and appropriated, unless the contract was prohibited by statute, or in violation of public policy."

In another case, *Boyd et al. v. Black School Township* (1889), 123 Ind. 1, 23 N. E. 862, a township was sued on a note it had given to purchase school furniture. Its defense was that the trustee had no power to bind the township by contracting a debt in excess of funds on hand to which the debt is chargeable, and funds to be derived from tax assessed against his township for the year the debt is to be incurred, without first procuring an order from the County Commissioners as provided by a certain statute. There the opinion concedes the debt was contracted in violation of the statutory provisions applicable. However, the court at page 3 of 123 Ind. said:

"[W]here it fairly appears that the contract was invalid for want of a compliance with the statute, the right to recover does not rest upon the contract, but upon the fact that the township received and enjoyed the benefit of property suitable and necessary for the use of the schools."

The improvement of streets is an integral part and purpose of town government. The original 1905 statutory enactment, which is still in effect, prescribed the powers of town Boards of Trustees and enumerated 22 powers, one of which is:

"Ninth. To lay out, open, change, pave and otherwise improve the streets, alleys, sewers, sidewalks and crossings of the town, and keep them in repair; and also to change or vacate such streets or alleys, and to regulate the use of streets and alleys by vehicles, and to designate the kind of vehicles that may not be used on certain named streets that have been improved." Acts 1905, ch. 129, § 31, p. 219, § 48-301 Burns' 1963 Replacement.

Another section of the 1905 act expressly provides "exclusive power" over the streets within the town and improvement thereof and authorizes the "payment of such cost out of the general treasury of such city or town." Acts 1905, ch. 129, § 267, p. 219, § 48-503 Burns' 1963 Replacement.

So, a town is specifically authorized to lay out and maintain streets and pay therefor. Acting informally here it received the benefit of street improvement and the value of the same has been determined and settled. The improvement was made pursuant to a writing which is definite as to the work, material and charge. The execution of such instrument was not clandestine, but followed open discussion at a meeting where other town business was transacted and which meeting was attended by the citizens. It does not appear certain that the contractor was informed that any question of validity existed until after he had fully performed his part of the contract and his bill was sent, received, and ordered paid by the Board of Trustees at a customary meeting.

It is our opinion that this matter falls within the rules of law set forth in the last above quoted cases. We also agree with the general proposition that there is not one law for the state and another for its subjects. Where the state contracts with individuals the rights and obligations of the contracting parties rest on the same principles as if both parties were private persons. *State* v. *Feigel* (1931), 204 Ind. 438, 445, 178 N. E. 435.

Under the particular circumstances here if the contract be invalid for want of compliance with a statute but the

town receives and enjoys the benefits, the town is nevertheless liable to pay the actual value of what it received. *Schipper* v. *The City of Aurora, supra; Boyd et al.* v. *Black School Township, supra.*

Though these principles are not available where the purported contract is ultra vires in the sense that it is wholly beyond the scope of the town's powers, we are not concerned with such a situation. The improvement of streets is well within the scope of the powers of Indian Village.

Since the law applicable here is that recovery is warranted under quantum valebant, we find the decision contrary to law. A purely negative judgment may be contrary to law where its general scope and meaning are contrary to the principles of law applicable to the case and not merely defective in some particular. *Warren Company, Inc.,* v. *Exodus* (1944), 114 Ind. App. 651, 653, 54 N. E. 2d 775.

Although the questions of estoppel, waiver and ratification have been presented by appellant, because of our decision it is unnecessary to consider them further.

A motion to affirm the judgment was filed by appellee and previously held in abeyance. It is now denied. An examination of the record indicates to us that there has been substantial and good faith compliance with the rules in preparation of appellant's brief.

We hold that the decision of the trial court is contrary to law. The motion for new trial is sustained. The cause is reversed for that purpose and further proceedings not inconsistent with this opinion.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 214 N. E. 2d 208.