**Robert D. DUNN, Appellant
(Plaintiff Below),**

v.

**Samson S. CADIENTE, M.D., Appellee
(Defendant Below).**

No. 4–1285A338.

Court of Appeals of Indiana,
Fourth District.

April 2, 1987.

Morris L. Klapper, Indianapolis, for appellant.

Richard L. Fairchild, Donn H. Wray, Stewart Irwin Gilliom Meyer & Guthrie, Indianapolis, for appellee.

## OPINION ON PETITION FOR REHEARING

CONOVER, Presiding Judge.

Dr. Cadiente petitions for rehearing, claiming we did not address the issue he raised in his appellee's brief.[1] While we believe our response to the doctor's issue is inherent in the original opinion, we will discuss it here in specific terms.

Cadiente's brief states

There is one issue to this appeal as argued by appellant Robert Dunn (hereinafter "Dunn"):

Was the award of damages within the scope of the evidence before the trial court?

In order to resolve this legal question, the following factual question must be considered:

Were all of the medical problems suffered by Robert Dunn as discussed in his brief proximately caused by the negligence of Dr. Cadiente?

Appellee's Brief, p. 1. In other words, Cadiente asks this court on appeal to reweigh the evidence relating to proximate cause.

In our original opinion, we discussed our standard of review when we consider an inadequate damages issue, see, *Dunn v. Cadiente* (1987), Ind.App., 503 N.E.2d 915, 917. There we said we will not reverse for inadequate damages if the damage award is within the scope of the evidence before the trial court, "and we shall not reweigh the evidence or judge the credibility of the witnesses who presented it." *Dunn, supra*, at 917. Nor will we do so simply because the prevailing party, Cadiente here, asks us to do so.

We will not reweigh the evidence for either the Appellant or the Appellee. That is the trial court's sole prerogative. All parties to an action are bound by the trial court's determination of the facts based upon the status of the evidence at the close of trial. Thus, the question is what did the trial court determine below regarding proximate cause?

Before a trial court may enter judgment for plaintiff in a negligence case, it must find from the evidence three matters of ultimate fact have been established: (1)

---

1. Under Ind.Rules of Procedure, Trial Rule 59(G), the prevailing party on a motion to correct errors may, "in his appellate brief ..., defend against the motion to correct error on any ground and may first assert grounds entitling him to relief in the event the appellate court concludes the trial court erred in denying the motion to correct error...."

defendant owed plaintiff a duty imposed by law to do or not to do a certain act, (2) defendant violated that duty by an act or omission to act which constituted a breach of that duty, and (3) plaintiff's injuries were *proximately caused* by such breach of duty. *Perry v. NIPSO* (1982), Ind.App., 433 N.E.2d 44, 49; 21 I.L.E. *Negligence* § 2 (1959), p. 262.

Initially we note, Dr. Cadiente offered no evidence disputing that presented by Dunn relating to proximate cause. He merely points to certain anomalies in the testimony of Dunn's experts and the fact Dunn had a congenital defect, then argues because some of Dunn's injuries may not have been proximately caused by Cadiente's negligence we must affirm the trial court.

■ However, Cadiente has failed to cite cogent authority demonstrating we have the right to weigh such evidence on appeal. Thus, he has waived the issue. *Matter of Kesler* (1979), 272 Ind. 161, 397 N.E.2d 574, 576, *cert. den'd. Kesler v. Sup. Ct. Disciplinary Comm'n.*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34; *Martin Chevrolet Sales, Inc. v. Dover* (1986), Ind.App., 501 N.E.2d 1122, 1128; Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). However, because the issue may arise during retrial, we choose to discuss it for the guidance of the trial court at that time.

■ When the plaintiff in a negligence case presents some evidence touching each of the elements of his cause of action during his case in chief, he has made out a *prima facie* case. At that point, the burden of going forward with the evidence shifts to the defendant. While he need not prove anything,[2] the defendant is given the opportunity to present countervailing evidence as to negligence, proximate cause, injury, and damages at the close of plaintiff's case. If he closes his defense without having presented such evidence, the trial court must make its factual determinations based solely upon the probative evidence presented by plaintiff, including that regarding proximate cause. *Nahmias Realty, Inc. v. Cohen* (1985), Ind.App., 484

N.E.2d 617, 621–622. A jury's general verdict or a general judgment when the court acts as factfinder carries with it a finding that the negligence complained of was the proximate cause of the injuries suffered, and there is no good reason for setting it aside. *Cleveland, etc., Rwy. Co. v. Patterson* (1905), 37 Ind.App. 617, 75 N.E. 857, 859. Where no findings are made by the trial court, its general judgment is presumed to be based upon findings supported by the evidence. *Rieth-Riley Construction Co. v. Auto-Owners Mutual Ins. Co.* (1980), Ind.App., 408 N.E.2d 640, 643. The term "judgment" implies a final decision by a court of competent jurisdiction whereby the rights of the parties have been judicially settled. *Randolph v. Sanders* (1959), 130 Ind.App. 41, 161 N.E.2d 772, 774; 17 I.L.E. *Judgment* § 1, p. 135. All issues properly before a trial court which were or could have been determined are considered finally adjudicated. *Barker v. State* (1963), 244 Ind. 267, 191 N.E.2d 9, 11. On appeal, we assume all things were litigated that might have been litigated under the existing issues. *Rieth-Riley Construction Co. v. Town of Indian Village* (1966), 138 Ind. App. 341, 214 N.E.2d 208, 210.

Cadiente's brief states his position in a nut shell. It says

> The inquiry herein is purely factual. As defined by the issue presented, the question is simply whether all of Dunn's medical problems were proximately caused by Dr. Cadiente's negligence. The evidence before the trial court is subject to a number of valid and logical interpretations that Dr. Cadiente did *not* cause all of the medical problems suffered by Dunn. (Emphasis in original).

Appellee's Brief, p. 17. While that may have been true prior to judgment below, it is not true now. That judgment resolved all evidentiary conflicts.

■ As noted above, we do not reweigh the evidence or judge the credibility of witnesses on appeal. We review simply to determine whether substantial evidence of

---

**2.** Except, under Ind.Rules of Procedure, Trial Rule 9.1(A) provides the burden of pleading and proving contributory negligence or assumption of risk is upon the defendant.

probative value appears in the record supporting the trial court's judgment. Our review clearly demonstrates such evidence is present in the record on the proximate cause question.

While Dunn did have a congenital defect, there was no evidence showing this defect manifested itself by any symptoms or disabilities prior to his consulting Dr. Cadiente. On the contrary, the record reveals Dunn led a physically active life before that time. (R. 344). Further, while Dunn's expert may have given somewhat contradictory evidence, he did testify in his opinion Dunn's injuries were the proximate result of Cadiente's negligence. (R. 223–224, 228). The trial court entered judgment in Dunn's favor without any special findings of fact excepting any of Dunn's injuries for lack of proximate cause. Thus, the presumption arising from the trial court's general judgment all of Dunn's injuries were proximately caused by Cadiente's negligence is supported by probative evidence.

Thus, the proximate cause question is at rest. It may not be considered again when this case is retried below to reassess damages.

Rehearing denied.

MILLER and BUCHANAN, JJ., concur.