# NEWPORT COUNTY.

———◆———

| | |
|---|---|
| 16 | 479 |
| 20 | 288 |
| 20 | 794 |
| 16 | 479 |
| 21 | 216 |
| f21 | 282 |
| 21 | 338 |
| 16 | 479 |
| 25 | 560 |
| f25 | 599 |
| 16 | 479 |
| 26 | 261 |
| f26 | 396 |
| f26 | 580 |

DWIGHT H. MAHOGANY *et ux.* *vs.* CHARLES H. WARD, Town Treasurer of the Town of Middletown.

A., driving on a country highway, met B., also driving, who did not turn out for A., as required by statute. A. was thus compelled to drive upon the side of the road, and was injured by colliding with a post in the highway standing outside of, but near to, the travelled part.

In an action by A. against the town alleging defects in the highway caused by the town's negligence:

*Held*, that A. could not recover ; that A. might maintain an action against B., not against the town.

The negligence of a responsible agent, intervening between the defendant's negligence and the injury suffered, breaks the causal connection between the two.

If, however, the intervening act or negligence is a natural or probable result of the original negligence, the latter will be regarded as the proximate cause of the injury.
*Hampson* v. *Taylor*, 15 R. I. 83, distinguished.

DEFENDANTS' petition for a new trial.

*Providence, February* 23, 1889. MATTESON, J. This is an action of the case against the defendant, in his capacity as town treasurer of Middletown, to recover damages for injuries suffered by the plaintiff, Mrs. Mahogany, by reason of the neglect of the town to keep one of its highways safe and convenient for travellers, as required by the statute. The neglect complained of was that the town permitted a post to remain on the side of the highway, so near to the travelled part as to be dangerous to persons driving along such highway. At the trial the defendant contended that, as the accident occurred on the side of the road, outside of the travelled carriage way, and as the plaintiff, Mrs. Mahogany, left the carriage way without necessity for so doing occasioned by the condition of the highway, she assumed the risk of, or incident to, travelling outside of he carriage way. The plaintiffs in reply alleged, and offered testimony to prove, that one Abner B. Lawton was at the time driving on the highway opposite, or nearly opposite, to the post complained of, and that he neglected to turn to the right of the centre [1] of the travelled part of the road, and thereby compelled Mrs. Mahogany to drive upon the side of the road, where, notwithstanding she was in the exercise of due care, her carriage came in contact with the post and she sustained the injuries, to recover damages for which this suit is brought. The defendant urged, in reply to this allegation of the plaintiffs, that if the injuries resulted from the wrongful act of Lawton in not driving to the right of the centre of the travelled way, or would not have occurred but for his act, the town was not liable, and requested the court to so instruct the jury. The court, however, charged the jury that, notwithstanding the accident might not have occurred but for the wrongful act of Lawton in not turning to the right of the travelled path, yet, if the accident would not have occurred but for existence of the post on the bank, or side of the road, the town, if otherwise

---

[1] As required by Pub. Stat. R. I. cap. 66, § 1. See *State* v. *Collins, ante,* p. 371.

liable, would not be relieved simply because the wrongful conduct of Lawton concurred in causing the accident or injury. The defendant excepted to this charge, and also to the refusal to charge according to his request, and, the jury having returned a verdict for the plaintiffs, now petitions for a new trial, alleging among other grounds that the court erred in its instruction and refusal to instruct as stated above.

The instruction of the court to the jury applied to the case at bar the rule.adopted in *Hampson* v. *Taylor*, 15 R. I. 83, 85, a rule supported by numerous cases. In all these cases, however, the cause concurring with the defect in the highway to produce the injury was a natural cause, or pure accident, for which no person was responsible, and not, as in the case at bar, the independent act of a responsible person. Such an act, it is said, arrests causation, being regarded as the proximate cause of the injury, the original negligence being considered merely as its remote cause. As in law it is the proximate and not the remote cause which is regarded, he who is guilty of the original negligence is not chargeable, but redress must be sought from him who directly caused the injury. Perhaps this principle is nowhere more clearly stated than by Wharton in his treatise on the Law of Negligence. In § 134 he propounds this question : " Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to ,the plaintiff, is the defendant liable to the plaintiff ? " and proceeds: " This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent in a particular subject matter. Another person moving independently comes in, and, either negligently, or maliciously, so acts as to make my negligence injurious to a third person. If so, the person intervening acts as a non-conductor and insulates my negligence so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. I may be liable to him for my negligence in getting him into difficulty, but I am not liable to others for the negligence which he alone was the cause of making operative." And again, in § 999, he remarks : " It has been

already seen that the negligence of a third party intervening be-
tween the defendant's negligence and damage breaks the causal
connection between the two. . . . There is no road that has not
imperfections, and if a traveller is forced against one of these
through the negligence of a third party it is from the latter, and
not from the town, that redress must be sought." And see, also,
2 Thompson on Negligence, 1089, § 6; *Houfe* v. *Town of Fulton*,
29 Wisc. 296, 307; *Cuff, Adm'x*, v. *Newark & N. Y. R. R. Co.*
35 N. J. Law, 17, 32. In *Rowell* v. *City of Lowell*, 7 Gray, 100,
in which the plaintiff, while passing out of the post office build-
ing, slipped from the steps, which were outside the limits of the
street, and for the condition of which the defendant was not re-
sponsible, to the sidewalk, and then continued slipping until she
fell and was injured, both the steps and sidewalk being so covered
with ice as to be slippery and unsafe, and having remained so
more than twenty four hours, the court held the defendant not
liable, and in distinguishing the case from *Palmer* v. *Inhabitants
of Andover*, 2 Cush. 600, one of the cases supporting the rule
applied in *Hampson* v. *Taylor*, said: " We think the only excep-
tion to the rule, that the plaintiff cannot recover unless the defect
in the highway was the sole cause of the injury, must be one
where the contributing cause was a pure accident, and one which
common prudence and sagacity could not have foreseen and pro-
vided against." In *Kidder* v. *Inhabitants of Dunstable*, 7 Gray,
104, an action to recover damages for an injury from a defect in
a highway, the court says: " The alleged defect in the highway
here was a neglect to remove the snow therefrom, and the injury
is alleged to have been received by the upsetting of the sleigh in
which the plaintiff was travelling upon the road. It appears by
the facts stated that the plaintiff, while thus travelling on the road,
met Ward Coburn driving a one horse sled with stakes on the
sides, and as Coburn testifies he believes that, as he drove forward,
the stakes in his sled struck the top of the back part of the sleigh
and overturned it; he having turned to the right as far as he
could safely on account of the snow in the road. The defendant,
however, contended that the injury was caused wholly or in part
by the carelessness or negligence of Coburn, and asked the court
to instruct the jury that if such was the case the plaintiff could

not recover, and this prayer for instruction was refused. The case stated by the defendant was one of injury resulting from the combined effect of two distinct causes, and one of those proceeding from a third person who would be responsible for any injury he might unlawfully occasion. The court are of the opinion that if this injury was caused wholly by Coburn, or was the combined result of a defect in the highway and carelessness or negligence on the part of Coburn in driving his vehicle, whereby the stakes in his sled struck the sleigh of the plaintiff and overturned it, the defendants are not chargeable therefor." So, too, in *Shepard & wife* v. *Inhabitants of Chelsea*, 4 Allen, 113, the plaintiffs sued for an injury to the plaintiff wife by reason of a defective highway. It was proved or admitted for the purposes of the trial that boys had been in the habit of sliding with sleds, without interruption by the city authorities, upon a sidewalk which the defendants were bound to keep in repair, and had made the snow and ice upon it so slippery as to be dangerous; that, while the plaintiff wife was walking upon the sidewalk in a dark evening, a boy in sliding ran upon her with his sled and threw her down, whereby she received the injury complained of; that she did not see the boy or sled until she was struck, and by reason of the slippery condition of the sidewalk could not have avoided them if she had seen them coming. The court held, affirming the prior cases of *Rowell* v. *City of Lowell*, and *Kidder* v. *Inhabitants of Dunstable*, that as it did not appear that the plaintiff, Mrs. Shepard, was injured by the alleged defect in the way, but it was clear that the accident happened in part from the unlawful or careless act of a third person, the action could not be sustained.

The rule above stated is subject to the qualification that, if the intervening act is such as might reasonably have been anticipated as the natural or probable result of the original negligence, the original negligence will, notwithstanding such intervening act, be regarded as the proximate cause of the injury, and will render the person guilty of it chargeable. Wharton, Law of Negligence, § 145; 2 Thompson on Negligence, 1089, § 6; *Lane* v. *Atlantic Works*, 111 Mass. 136, 139, 141; *Griggs* v. *Fleckenstein*, 14 Minn. 81; *Clark* v. *Chambers*, L. R. 3 Q. B. Div. 327; *Burrows* v. *March Gas & Coke Co.* L. R. 7 Exch. 96, 97; *Dixon* v. *Bell*, 5

M. & S. 198, 199; *Illidge* v. *Goodwin*, 5 Car. & P. 190, 192; *Lynch* v. *Nurden*, 5 Jur. 797. But we do not think that it can be reasonably held that the town ought to have anticipated, as a probable result of permitting the post to remain by the side of the road, that some one would be forced against it by the wrongful and unlawful conduct of another in keeping the middle of the travelled path, instead of turning to the right of the centre of it as required by the statute. In *Parker* v. *City of Cohoes*, 10 Hun, 531, affirmed 74 N. Y. 610, the water commissioners of the city of Cohoes, acting under authority of law, made an excavation in one of the streets for the purpose of laying water pipes for public and general use, and, in so doing, caused earth to be thrown out along the trench; and also brought into the street a heap of sand for use in the work. At the end of the day, barriers consisting of planks, extending from sidewalk to sidewalk, supported by barrels placed in the street, were erected to prevent vehicles from entering the street. Subsequently some person, without the authority or knowledge of the commissioners, removed one of the barriers, and the plaintiff in the darkness drove through the opening thus made, ran upon the obstruction, and was thrown from his carriage and injured. It was held that the defendant was not bound to anticipate mischievous or wrongful acts on the part of others, and hence was not bound to guard against them. See, also, *Doherty* v. *Inhabitants of Waltham*, 4 Gray, 596; *McGinity* v. *The Mayor of New York*, &c. 5 Duer, 674. We think, therefore, that the court erred in refusing to instruct the jury according to the defendant's request and in the instruction given, and that the defendant is entitled to a new trial.

*Petition granted.*

*Francis B. Peckham & Patrick J. Galvin*, for plaintiffs.

*William P. Sheffield & William P. Sheffield, Jun.*, for defendant.

Note. — Compare *Yeaw* v. *Williams*, 15 R. I. 20.