JACKSON, RECEIVER, *v.* PIRTLE.

[No. 10,327. Filed May 11, 1920. Rehearing denied December 15, 1920. Transfer denied April 8, 1921.]

1. COMMERCE.—*Federal Safety Appliance Act.*—*Applicability.*—*Cars Not in Use in Interstate Commerce.*—Section 2 of the federal Safety Appliance Act (27 Stat. at L. 531, §8605 *et seq.* U. S. Comp. Stat. 1916), making it unlawful for any common carrier to permit to be hauled or used on its line any car used in moving interstate traffic not equipped with automatic couplers, applies to a car equipped with a defective coupler which caused the injury of defendant carrier's employe, though the car, while used in both intrastate and interstate commerce as occasion required, was not being used in interstate commerce at the time of the accident.   p. 341.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Federal Safety Appliance Act.*—*Car Couplers.*—*Duty to Repair.*—It is not enough that a railroad freight car should have been originally equipped with automatic couplers, as required by the federal

Jackson, Rec., *v.* Pirtle—75 Ind. App. 336.

Safety Appliance Act (27 Stat. at L. 531, §8605 *et seq.* U. S. Comp. Stat. 1916), but such equipment must be kept in proper repair at all times while the car is in use. p. 341.

3. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.— Contributory Negligence.*—In an action against a railroad company by a brakeman to recover for personal injuries alleged to have resulted from defendant's failure to comply with the federal Safety Appliance Act (27 Stat. at L. 531, §8605 *et seq.* U. S. Comp. Stat. 1916), plaintiff having had his foot crushed while attempting to shove a coupler so that it would engage, complaint *held* not to show that plaintiff's negligence was proximate cause of the injury. p. 341.

4. TRIAL.— *Instructions.— Applicability.*— Instructions must be relevant to the issues made by the pleadings and to the evidence given in support thereof. p. 342.

5. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Employers' Liability Act.*—An order to a railroad brakeman "to pick up the car of coal" left to his judgment the manner and means of doing the work, and was not an order to adjust a defective coupler with his foot so that it would engage, and such direction did not relieve him of the result of his own contributory negligence, if any, in attempting to make a coupling in such manner, under §2 of the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), providing that an injured employe shall not be held guilty of negligence or contributory negligence where the injury complained of resulted from such employe's obedience or conformity to any order or direction of the employer or of any employe to whose orders he was bound to conform. pp. 342, 343.

6. MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.—Construction.*—Section 2 of the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), providing that no employe shall be held guilty of contributory negligence where the injury complained of resulted from such employe's obedience or conformity to any order or direction of the employer, is in derogation of the common law, and will be strictly construed. p. 343.

7. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.— Contributory Negligence.*—In a servant's action for personal injuries under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), an instruction that if plaintiff was injured "while" obeying an order of the master the latter was liable, was erroneous, since the act provides that the employe shall not be held guilty of contributory negligence where the

injury complained of "resulted" from obedience to an order of the master. p. 344.

8. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Disobedience of Orders.*—The fact that a servant was disobeying a rule of the employer at the time he received an injury does not preclude a recovery unless the disobedience was the proximate cause of the injury. p. 344.

9. MASTER AND SERVANT.—*Injuries to Servant.—Jury Questions. —Contributory Negligence.—Proximate Cause.*—In a servant's action for personal injuries under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), plaintiff having had his foot crushed when shoving a car coupler so that it would engage, *held* that the question of contributory negligence and of proximate cause was for the jury. p. 345.

10. EVIDENCE.— *Admissibility.— Conclusions.—* Answers of witnesses which were nothing more than conclusions should be stricken out on motion. p. 345.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Wilton H. Pirtle against William J. Jackson, receiver. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John E. Iglehart, Edwin Taylor, Eugene H. Iglehart* and *James H. Blackburn,* for appellant.

*T. M. McDonald, William Espenschied* and *R. W. Armstrong,* for appellee.

ENLOE, J.—This was an action for damages for personal injuries sustained by appellee, while in the employ of appellant as a brakeman on a train. The appellant was the receiver of the Chicago and Eastern Illinois Railroad, and as such was managing and operating the same, at the time appellee was injured.

The cause was submitted to the jury upon one paragraph of complaint, the third, to which appellant had unsuccessfully demurred. There was a verdict for appellee in the sum of $5,000, upon which judgment was rendered. The appellant's motion for a new trial having been overruled, he prosecutes this appeal, and has assigned as error (1) the action of the court in over-

ruling his demurrer to said third paragraph of complaint; and (2) in overruling the motion for a new trial.

We shall first direct our attention to the complaint and its averments.

The material averments of this paragraph of complaint, necessary to be considered in passing upon its sufficiency to withstand a demurrer, were, in substance, as follows: That defendant was the duly appointed and acting receiver of the Chicago and Eastern Illinois Railroad; that said railroad was a common carrier of both freight and passengers for hire; that it was engaged as such carrier in both intrastate and interstate commerce; that a part of its line of road, known as the Mt. Vernon branch, extended from Mount Vernon, Ind., to Ft. Branch, Ind.; that said branch was at all times being used for the transportation of both intrastate and interstate commerce; that on April 17, 1915, plaintiff was in the employ of defendant as a freight brakeman on said branch; that on said day defendant had in use on said branch a certain locomotive and a certain freight car, both of which were used by defendant interchangably in both intrastate and interstate commerce, each of which was in a dangerous and defective condition, in this, that they were equipped with a coupler which would not couple automatically by impact, as required by law; that there was so much lateral motion in each of said couplers that when said engine and said car were moved together for the purpose of coupling them together, the said couplers did not come in proper contact with each other to make a coupling, all of which was known to defendant and his switching foreman; that on said day while said defendant was so engaged in interstate commerce it became appellee's duty, by the order and direction of the appellant's switching foreman, to whose orders and directions appellee was

obliged to and did conform in his said employment, to couple said engine and car together; that in making said coupling the proper and customary position for plaintiff to occupy was to stand on the footboard of said engine as it approached and coupled onto said car, where he could and would be in a position to signal to the engineer in charge of said engine, and at the same time to move said coupler on said engine over, should it become necessary so to do; that for the purpose of making said coupling, and in obeying and conforming to the said order and directions so given, the appellee did assume said proper and customary position therefor, and did stand upon the footboard of said engine; that as said engine approached said car, it became necessary for appellee to, and he did, shove the coupler on said engine óver so as to bring it into proper position and proper contact with the coupler on said car, in attempting to couple them together; that in attempting to shove said coupler on said engine over into proper position, plaintiff rested his weight on one foot on the footboard of said engine, and held himself firmly in place with his hands grasping the handholds on said engine, provided by appellant for that purpose, and placed his other foot against said coupler, and pushed against the same while so doing; that as said coupler moved over his foot slipped, and was caught and crushed between the two said couplers as they came together, mashing and so mangling his foot as to make amputation of the same necessary.

The appellant contends that the complaint is insufficient because: (1) No facts are charged which show any duty neglected or violated; and (2) because it shows that the proximate cause of the injury was the negligence of the appellee, in attempting to shove said coupler into position to make the said coupling, at the time, and in the manner he did, as averred in said complaint.

The complaint avers that appellant was engaged as a common carrier of interstate commerce; and that the engine and car in question were each and both used in the interstate as well as intrastate commerce.

Section 2 of the federal Safety Appliance Act (§8606 U. S. Comp. Stat. 1916, 27 Stat. at L. 531) is as follows: "That on and after the first day of January eighteen hundred and ninety eight, it shall be unlawful for any such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

Under the averments of the complaint herein, the engine and car in question were each and both used, as occasion required, in interstate commerce; the

1. railroad was engaged in the business of carrying interstate as well as intrastate commerce; and while there is no contention that the said locomotive and car in question were, at the time of the accident, being used in interstate commerce, yet, under the facts pleaded, the federal statute prohibited their use by said carrier unless equipped as required. *Southern R. Co.* v. *United States* (1911), 222 U. S. 20, 32 Sup. Ct. 2, 56 L. Ed. 72; *San Antonio R. Co.* v. *Wagner* (1916), 241 U. S. 476, 36 Sup. Ct. 626, 60 L. Ed. 1110; *Texas & P. R. Co.* v. *Rigsby* (1916), 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874. It was not enough that the

2. said car should have been originally equipped as required by this statute, but such equipment must be kept at all times, while cars are in use, in

3. proper repair. *St. Louis & S. F. R. Co.* v. *Conarty* (1913), 106 Ark. 421, 155 S. W. 93; *Texas & Pacific R. Co.* v. *Rigsby, supra.* We therefore hold that the facts alleged showed a duty resting upon

appellant, and a breach thereof; and we also hold, that the averments thereof do not show that the proximate cause of the injury was the negligence of the appellee.

Appellant's motion for a new trial contains numerous specifications of alleged errors occurring at the trial, but on this appeal he has presented only those relating to, (1) the sufficiency of the evidence to sustain the verdict; (2) error in giving certain instructions; (3) error in refusing certain instructions; (4) error in admitting certain testimony; and (5) error in overruling motion to strike out certain testimony. All other alleged errors are therefore waived.

We shall first consider the alleged errors in the giving of instructions.

Appellant complains of the giving of instructions numbered 4, 5, 6 and 13, given at the request of appellee.

Keeping in mind that the *negligence* complained of in this case was a failure on the part of appellant to comply with the federal Safety Appliance Act, 4. *supra*, but that that action is brought under the Indiana Employers' Liability Act of 1911, §§8020a, 8020b Burns 1914, Acts 1911 p. 145, and also keeping in mind that instructions must be relevant to the issues made by the pleadings, and to the evidence given in support thereof, we proceed to an examination of the said instructions.

The appellant had alleged in his complaint that, in obedience to an order of his foreman, he had undertaken to couple said engine and car.

In his direct examination appellee testified, that he was working under one Morris, the "list" man from whom he was supposed to take orders; that Mor- 5. ris "directed me to pick up the car of coal on what we call the north track. He gave me the signal to head in and pick that car up and I throwed the switch and proceeded to head in and pick it up."

This, according to appellee, was the "order" under which he was working at the time he was injured.  This order gave no directions to appellee as to where he should stand, or ride, or as to how, if the same should be necessary, the couplers should be aligned or adjusted, whether the same should be done by use of hands, or by use of foot; whether the engine should first be stopped to enable appellee to make the necessary alignment, or allowed to continue approaching the car in question, were all left to the appellee to control.  He was left to use his own judgment as to the manner and means of accomplishing the result.  He was injured, as conclusively appears, as a result of the *means,* chosen and employed by himself to accomplish the work in hand, and not as a result of his simple obedience of said order.  The statute relied upon provides: "No such injured employee shall be held to have been guilty of negligence or contributory negligence where the injury complained of resulted from such employee's obedience or conformity to any order or direction of the employer or of any employee to whose orders and directions he was under obligation to conform or obey."  This provision of the statute, being in derrogation of the common law, will be strictly construed, and we must hold, upon the record before us, that the appellee, in this case, has not brought himself within the provisions of said statute, so as to be relieved of the result of his own contributory negligence, if any, in attempting to make said coupling in the manner he did as shown by this record.

In instructions Nos. 6 and 13 given by the court in this case, at the request of appellee, the jury was told that under the issues in this case and upon the facts in evidence, contributory negligence was not a defense. This was error.  Whether the appellee was guilty of contributory negligence, was, upon the record before

us, a question of fact for the jury, and should have been so submitted under proper instructions.

The fourth instruction given at the request of appellee was a correct statement of the law. The fifth instruction as given was too broad. It did not limit

7. the receiving of the said injury to the *result* of obeying the order in question, as does the statute, but told the jury that if appellee was injured *while* obeying the order, the appellant was liable therefor. It should not have been given.

Of the instructions tendered by appellant, and which were by the court refused, the tenth should have been given. The other instructions tendered and refused of which appellant complains, were either inaccurate or erroneous, as invading the province of the jury.

Appellant insists that it is conclusively shown that appellee was guilty of contributory negligence, in that he was, at the time he received his said injury,

8. disobeying a rule of the company. Upon this record, such disobedience not being admitted, it was a question for the jury, as to whether appellee was, at the time he received said injury, disobeying a rule of the employer; and such disobedience, if any, does not necessarily preclude a recovery. In *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060, it was said, "It may be asserted that the authorities generally affirm that the failure of the servant to obey reasonable rules and regulations, either statutory or those adopted by the master, which are intended to promote the safety of the servant, constitutes not an assumption of risk, but contributory negligence. Such disobedience on the part of the servant, however, to be available to defeat his recovery, must appear to have proximately caused or to have contributed to the accident to which the injury in question is imputed." (Citing authorities.)

In this case both the question of contributory negligence and the question of proximate cause are questions to be determined by a jury, under proper instructions. *Cleveland, etc., R. Co.* v. *Patterson* (1906), 37 Ind. App. 617, 75 N. E. 857; *Chicago, etc., R. Co.* v. *Martin* (1902), 31 Ind. App. 308, 65 N. E. 591; *Terre Haute Electric Co.* v. *Kieley* (1904), 35 Ind. App. 180, 72 N. E. 658; *Pittsburgh, etc., R. Co.* v. *Sudhoff* (1910), 173 Ind. 314, 90 N. E. 467.

Appellant also complains of the action of the court in refusing to strike out certain parts of the testimony, to which objection was timely made. These motions related mainly to answers of the several witnesses, which were nothing more than conclusions of the witnesses, and several of them should have been sustained, but as the same error is not likely to occur on a future trial, the several objections need not be noticed in detail.

For the errors above indicated the judgment is reversed and this cause is remanded with directions to sustain appellant's motion for a new trial, and for further proceedings.