## DANIEL PRUE *vs.* THE GOODRICH OIL COMPANY.

MARCH 5, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for damage to the plaintiff's furniture caused by fire. The declaration alleges that the fire was caused by the defendant's negligence in throwing fuel oil upon the ground. The jury returned a verdict for the plaintiff for $674.80 and the case is before us on numerous exceptions of the defendant, including an exception to the refusal of the trial justice to direct a verdict for the defendant.

At the time of the fire the plaintiff resided in a lower tenement in the rear of 154 Broad street in the city of Pawtucket. This tenement, as well as several others, faced on a small court in the rear of stores which faced on said Broad street. The approach to these tenements and the rear of said stores was through an alleyway from 8 to 10 feet in width leading from Broad street. In the rear of the stores and beneath the surface of the ground was a tank which served as a container for crude oil used as fuel for heating said stores. Someone—it is immaterial who—left the cap of the tank off and, during a rainstorm, considerable water ran into the tank. The water settled to the bottom of the tank and the oil burner ceased to function. Thereupon the owner of the stores directed the defendant to remove the water from the tank. The defendant's employees pumped the water from the bottom of the tank into cans and threw the water upon the ground in the rear of the stores. They testified that they threw no oil upon the ground; that they tested for oil each can of liquid pumped from the tank and that when oil was detected it and all liquid thereafter taken from the tank were preserved in cans and taken away.

The only evidence tending to show that oil was thrown upon the ground was found in the testimony of the plaintiff's wife who testified that she saw something of a "greenish bluish color" on the ground. The defendant contends that any oil that was upon the ground where the water from the

tank was thrown dripped from Ford automobiles which were frequently parked over the same space.

Four days after the defendant's employees removed the water from the tank a Mr. Parker who had been engaged with others in making repairs within said stores attempted to burn on or near the spot where the liquid from the tank was thrown a considerable amount of paper and other refuse which accumulated in consequence of making of said repairs. Soon after the paper and other refuse were deposited and set on fire an explosion occurred. The house within which the plaintiff lived had been painted on the outside two days before. The plaintiff's wife testified that "everything went off like a gun"; that the explosion was a loud report and "It swept right through my windows." . . . "The flames came jumping in my window and I ran into the other room." The plaintiff's furniture as well as the house was considerably damaged by fire. One of the firemen testified that when he arrived he saw no pile of rubbish burning but that there was fire all over the ground.

It seems more reasonable to attribute the plaintiff's damage to the explosion than to the presence of oil upon the ground. Experts testified as to experiments which they had made with the grade of oil which the tank contained; that it was impossible to ignite such oil when unconfined. No evidence in contradiction of this testimony was submitted. There was no evidence that an explosion could have been produced by burning such oil when spread out upon the ground. It is reasonable to suppose that such oil when thus exposed for four days would lose much of whatever volatile nature it possessed. No one attempted to account for the explosion. It seems reasonable to assume that a can of paint or some other explosive substance was carelessly deposited with the papers and refuse. An explosion within the rubbish would account for fire being scattered over the ground. Such an explosion might readily ignite the side of a building which had been so recently painted.

However, we will assume for the purpose of discussion that the explosion and damage to the plaintiff's furniture were attributable only to oil thrown upon the ground by defendant's employees and the act of Parker in setting fire to the rubbish. Having made such assumption the question arises whether the proximate cause of the damage was the defendant's act in throwing oil upon the ground or the act of Parker in setting fire to the rubbish. Was the defendant's act the proximate or only the remote cause of the damage?

Not every negligent act will be rendered remote by the intervention of an intelligent and responsible human being without whose act the injury would not have been suffered. The test is whether the defendant was bound to anticipate and foresee that damage by fire was likely to result from throwing crude oil upon the ground. 29 Cyc. 501. The defendant is liable for the natural and probable consequences of his negligent act. One is bound to anticipate and provide against what usually happens or is likely to happen, but one is not bound to provide against what is unusual and unlikely to happen or events which are only remote or slightly probable. The question is not whether defendant would have foreseen that damage by fire was a possible consequence. The defendant was only bound to foresee that which is probable, that is, what, according to the usual experience of mankind, is likely to happen. *Stone* v. *B. & A. R. R.*, 171 Mass. 536.

If oil was thrown upon the ground, was the defendant bound to foresee that someone might probably build a fire over or in close proximity to the oil thereby causing damage to others? Again, is this a question of law to be settled by the court or a question of fact to be determined by a jury?

The defendant had no knowledge of any custom to burn at that location large quantities of paper and rubbish unconfined.

In certain cases, particularly where the facts were disputed, questions of this nature have been submitted to a jury, but it is not an unusual practice to withdraw cases

from the jury on the ground that the damages are too remote. See authorities cited in *Stone* v. *B. & A. R. R.*, *supra*. In the case before us minds of reasonable men could hardly differ upon the question. One might assume that it was possible that another would negligently build a fire over or in close proximity to oil under conditions which we have described; but it is not probable that a sane person would commit such a rash act. We accordingly hold that, even if the defendant's employees threw oil upon the ground, the defendant was not bound to foresee that damage was likely to accrue to others by reason of such act. The undisputed testimony was that the oil could not have been ignited by throwing a lighted match upon the ground. Our conclusion is in accord with the decision of this court and the great weight of authority elsewhere. In *Mahogany* v. *Ward*, 16 R. I. 479, the plaintiff while driving upon a country highway met a vehicle the driver of which refused to turn to his right with the result that the plaintiff, being compelled to drive off from the traveled way, came in contact with a post, which the defendant town negligently permitted to remain standing outside of, but near to, the traveled part of the way, and was injured. The opinion contains the following statement: "But we do not think that it can be reasonably held that the town ought to have anticipated, as a probable result of permitting the post to remain by the side of the road, that some one would be forced against it by the wrongful and unlawful conduct of another in keeping the middle of the travelled path, instead of turning to the right of the centre of it as required by the statute." In *Afflick* v. *Bates*, 21 R. I. 281, the defendant left an unlocked tool-chest, containing explosive caps and other articles, in a vacant lot. Boys, while playing ball, found near the tool-chest two caps like those in the chest. One of these caps was given to another boy who exploded it and thereby injured the pliantiff. The court held that, even assuming that the defendant was negligent in leaving the chest un-locked, the act of the boy in exploding the cap was the

proximate cause of the injury, intervening between the negligence of the city and the injury to the plaintiff and breaking the causal connection between them. See also *Nelson* v. *Narragansett Elec. Light Co.*, 26 R. I. 258; 29 Cyc. 501 and authorities there cited.

Assuming that the defendant's employees negligently threw oil upon the ground our conclusion is that the act of Parker in setting the fire was the proximate cause of the plaintiff's damage. It follows that there was no issue to submit to the jury and that the trial justice erred in denying the motion to direct a verdict for the defendant.

The defendant's exception to the refusal to direct a verdict for the defendant is sustained; it is, therefore, unnecessary to consider the other exceptions.

The plaintiff may, if he shall see fit, appear on March 12, 1928, and show cause, if any he has, why an order should not be entered remitting the papers in the case to the Superior Court with direction to enter judgment for the defendant.

*James E. Brennan*, for plaintiff.
*W. Louis Frost, Henry M. Boss*, for defendant.