WILLIAM A. DREWETT *vs.* UNITED ELECTRIC RAILWAYS CO.

JANUARY 13, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

170

Moss, J. This is an action to recover for personal injuries received by the plaintiff in a collision in the City of Providence between a trolley car operated by the defendant corporation as a common carrier, and in which he was riding as a passenger, and a truck operated by a third person, the collision being alleged in his declaration to have been caused by negligent operation of the car. At

the conclusion of a jury trial in the Superior Court, a verdict was returned for the plaintiff in the sum of $7,500.

The defendant moved for a new trial on the grounds that the verdict was against the weight of the evidence, both as to liability and as to the amount of damages. On this motion the trial court sustained the verdict as to liability, but held that it was excessive by the amount of $1,000. It therefore denied the motion, if the plaintiff would file a remittitur of that amount, but granted it, if he would not. Both parties excepted to the decision; no remittitur was filed and the case is now before this court on their respective bills of exceptions and a transcript of the proceedings at the trial.

His exception to this decision is the only one brought before us by the plaintiff. Besides its exception to this decision, the defendant is also relying in this court on an exception to the denial of a motion for the direction of a verdict in its favor; exceptions to rulings by the trial justice in permitting the plaintiff to introduce in evidence certain sections of the ordinances of the City of Providence regulating the operation of street cars; an exception to the denial of the defendant's motion that the case be taken from the jury and passed, because the jury had been permitted to listen to the arguments of counsel as to the admission of these sections of the ordinances; and exceptions to certain rulings as to the admission of testimony.

Just a short time before the collision occurred, the trolley car was moving southward on the westerly track on South Main street, and approaching, though still at a considerable distance, the corner of James street, on the south side of which the truck was approaching South Main street from the west. As the truck entered the latter street, moving at a speed of about five miles per hour, the motorman of the car perceived it. The driver of the truck testified, in substance, that, when the front of it was about five feet west of the west rail of the car track, he saw the car coming from the north and about 275 to 300 feet away,

and that, believing that he had time enough to cross the track in safety, he swung the truck to the left, so as to turn up South Main street, making as wide a turn as he deemed practicable, in view of the fact that an automobile was approaching the corner from the south on the east side of the street. When the rear of the truck had a little more than barely cleared the east rail of the car track, the left front corner of the car collided with the left side of the truck with considerable violence. The shock of the collision caused the plaintiff's injuries.

The operator of the car testified that he first saw the truck as it was coming into South Main street, 100 to 150 feet ahead of the car, which was then moving at an estimated speed of fifteen miles an hour; that he then sounded his foot-gong and checked the speed of the car; and that as soon as he had any notice that the operator of the truck was going to try to cross the track ahead of the car, he himself did his best to bring the car to a stop before it collided with the truck; but that he was unable to stop it in time. There was, however, conflicting testimony as to whether or not he began to check the speed of the car before the lapse of a considerable interval after the truck had got upon the track and was proceeding to cross it.

In view of the testimony we are of the opinion that there was sufficient evidence of negligence on the part of the operator of the car, in operating it at an excessive rate of speed after he had notice of the danger of a collision with the truck, to justify the trial justice in refusing to hold that the defendant's motion for a directed verdict in its favor should be granted on the ground of want of evidence of negligence on its part.

The defendant contends that the evidence proved conclusively that the driver of the truck was guilty of negligence in its operation; that this negligence was the sole proximate cause of the collision, the negligence of the operator of its car, if there was any such negligence, which it denies, being only a condition, or at most a remote cause,

of the collision. In support of the latter part of this contention, it cites a number of cases in Rhode Island and elsewhere, beginning with *Mahogany* v. *Ward,* 16 R. I. 479, in each of which it was held that any legal causal connection between negligence by the defendant and the plaintiff's injury was broken by intervening negligence by a third person, which was the proximate cause of such injury.

But in each of those cases, before the third person's negligent act occurred, the defendant's negligence had ceased, leaving a condition which might occasion injury to one in the situation of the plaintiff, if a third person acted negligently, but not otherwise; and later a third person did commit a negligent act, which directly caused the plaintiff's injury. In the instant case, however, there was in our judgment sufficient evidence for the plaintiff from which the jury could find negligence by the defendant continuing to the time when the collision had become inevitable. If there was such negligence by the defendant, it could not be held that intervening negligence by the driver of the truck broke the legal causal connection between the defendant's negligence and the plaintiff's injury, even though the truck driver may have been guilty of such negligence as to make him also liable to the plaintiff in a separate action.

Therefore, we cannot hold that the trial justice's refusal to direct a verdict for the defendant was erroneous. Nor can we say, after weighing all the evidence on the question of the defendant's liability, that the plaintiff so clearly failed to prove by a preponderance of the evidence that negligence by the defendant was a proximate cause of the collision as to justify us in holding it to be error by the trial justice not to grant the defendant a new trial on that ground. As to the rulings excepted to by the defendant concerning the admission of testimony by witnesses, we cannot find that any of them was erroneous and prejudicial to the defendant.

As to its motion that the case be taken from the jury

and passed, it is our opinion that this motion should have been granted. The record shows that an extended and involved discussion took place in the presence of the jury in respect to the admission in evidence of an existing ordinance of the City of Providence limiting the speed of street cars on that part of South Main street where the collision occurred to not more than six miles an hour; that when counsel for the plaintiff began and continued to cite decisions of this court in support of his contention, counsel for the defendant, who had cited no cases, asked the court to excuse the jury, if the discussion was to be carried on as it was progressing, and that the court disregarded this request and allowed the discussion to continue in the same manner as before. We are of the opinion that in so doing the court inadvertently exceeded judicial discretion to the prejudice of the defendant. The whole discussion, as shown by the record, including some of the statements of the court to the jury, magnified beyond all fair proportions the effect to be given to proof that the defendant had violated this ordinance, and strongly tended to impress on the minds of persons untrained in the law that it was a controlling and determinative factor in the case, especially as such violation was particularly emphasized in the first count of the declaration. We entertain such serious doubt whether the court succeeded in removing such an impression by simply telling the jury to disregard the legal discussion that had taken place in their presence and hearing, that in our judgment the defendant was entitled to have the case taken from the jury and passed.

This ruling does not mean that the court is under a duty of excusing the jury whenever a question of law is raised and discussed during a trial by jury. Whether the jury should or should not be excused at any such time rests largely in the sound discretion of the court and depends, among other considerations, upon the nature, importance and complexity of the question, the willingness of both parties to proceed in the presence of the jury, and the

probable effect that the discussion might reasonably have on the minds of persons untrained in the law. The duty of the court at all times is to admit proper evidence in a manner that will not prejudice either party in the minds of the jury.

The above ruling in favor of the defendant on the question raised by its exception five renders it unnecessary for us to decide, under its exception four, the question whether it was error by the trial justice to permit the above-mentioned part of the ordinance to be read to the jury after the arguments in the presence of the jury and the statements by the trial justice to the jury which have been discussed *supra*, and we do not decide that question.

As to the ruling to which the defendant's exception six applies, that is, the admission in evidence, against the objection of the defendant, of that part of the ordinance requiring the operator of a street railway car to stop it in the shortest time and space possible, on the appearance of danger of a collision, the considerations involved are quite different, and we do not believe that under the circumstances of this case the admission was prejudicial error.

Since our decision in favor of the defendant of the question raised by its exception five requires that a retrial of the case upon the question of liability be granted, and since we believe that a retrial should include all issues of fact properly raised in the case, we deem it neither necessary nor advisable for us to discuss at this time the question as to the amount of damages which is presented by either of the bills of exceptions.

The plaintiff's exception is overruled. Exception five contained in the defendant's bill of exceptions is sustained, its exception four is neither sustained nor overruled, and its other exceptions are overruled.

The case is remitted to the Superior Court for a new trial.

*Knauer & Fowler, Philip S. Knauer, Jr.,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.