Regina D'AMBRA et al.

v.

PEAK BUILDING CORP. et al.

v.

Charles D'AMBRA.

No. 95–310–Appeal.

Supreme Court of Rhode Island.

July 22, 1996.

Michael J. Lerpizzera, Jr., Marie Roebuck, Providence, for Plaintiffs.

Mark A. McSally, Cranston, Michael De-Luca, C. Russell Bengtson, Providence, for Defendants.

## OPINION

PER CURIAM.

This case came before a hearing panel of this Court for oral argument on June 18, 1996, pursuant to an order that directed all

parties to appear and show cause why the issues raised by the plaintiffs' appeal from a directed verdict entered in the Superior Court in favor of the defendants should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

■ On August 11, 1989, Regina D'Ambra, Charles D'Ambra and Anna Coppa (collectively plaintiffs) were traveling in a car on Richmond Street in Providence when an automobile driven by an unknown individual failed to stop at a stop sign and headed directly toward their automobile. In order to avoid the oncoming vehicle, the plaintiffs swerved to the right and collided with a large dumpster placed in the parking lane on Richmond Street, directly beneath a street light. That dumpster had been placed on Richmond Street pursuant to a permit issued by the city of Providence. However, plaintiffs argue that the dumpster was negligently placed in the parking lane and that it did not have reflective tape or flashing beacon lights attached to it as required by a city ordinance. The plaintiffs brought suit against the general contractor that required use of the dumpster, Peak Building Corporation (Peak); the owner of the building in front of which the dumpster was placed, One Hundred Ninety Six Richmond Street Associates (Richmond); and T & J Container Systems, Inc. (T & J), the owner of the dumpster, (collectively defendants).

Richmond brought a counterclaim against Charles D'Ambra (D'Ambra), the driver of the damaged automobile, alleging that it was D'Ambra's negligence that caused the accident and not the defendants' negligence and that, as a result, defendants would, in the event of an adverse verdict, be entitled to contribution from D'Ambra. Peak and T & J filed third-party complaints against D'Ambra, also for indemnification or contribution. Each defendant also brought cross-claims against the co-defendants for contribution or indemnification.

A jury trial commenced on February 16, 1995. After plaintiffs completed their case, the defendants moved for a directed verdict,[1] which the trial justice granted. The trial justice stated that "the only proximate cause of this accident was the irresponsible, unforeseeable reckless action of the unknown driver who ran the stop sign in reckless fashion and forced Mr. D'Ambra into the right side of the road, an area which was typically and legally available for anyone who wanted to park there." The plaintiffs appealed from the granting of that directed verdict.

The plaintiffs here allege on appeal that the placement of an unilluminated dumpster in the parking lane of the highway created a foreseeable risk of harm that was a concurrent proximate cause of the plaintiffs' accident. The plaintiffs also assert, against Richmond, the "peculiar risk" doctrine that places a nondelegable duty on a property owner for work on property that involves a peculiar risk of harm to others unless special precautions are taken. *See* 2 Restatement (Second) *Torts,* § 416 (1965).

Richmond counters the plaintiffs' contentions by asserting that it was the acts of independent contractors, Peak and T & J, that constituted the alleged negligence and that Richmond was unaware of any peculiar risk created by the independent contractors. Therefore, Richmond asserts that it should not be liable. Peak argues that the dumpster was properly placed in the parking lane and that since it was illuminated by the street light, there was no need for reflective tape or flashing beacon lights. T & J contends that there is no evidence that the lack of reflective tape or flashing beacon lights was the proximate cause of the accident.

■ Although the determination of proximate cause is oftentimes for the factfinder to decide, when the "plaintiff fails to present evidence identifying defendants' negligence as the proximate cause of his injury or from which a reasonable inference of proximate cause may be drawn," then the trial justice may decide whether proximate cause

---

1. A directed verdict is now designated as a motion for judgment as a matter of law. Su- per.R.Civ.P. 50 (as amended, effective September 5, 1995).

exists. *Russian v. Life–Cap Tire Services, Inc.*, 608 A.2d 1145, 1147 (R.I.1992). We therefore conclude that the acts of the third party driver who illegally failed to stop at the stop sign constituted an independent intervening cause that was the proximate cause of the plaintiffs' injuries. That conclusion is consistent with our prior holding in *Mahogany v. Ward*, 16 R.I. 479, 484, 17 A. 860, 862 (1889), wherein we held that a defendant "was not bound to anticipate mischievous or wrongful acts on the part of others, and hence was not bound to guard against them." *See also Prue v. The Goodrich Oil Co.*, 49 R.I. 120, 123, 140 A. 665, 666 (1928)("one is not bound to provide against what is unusual and unlikely to happen or events which are only remote or slightly probable"). Consequently the defendants are not liable for the plaintiffs' injuries. Richmond is also immune from liability under the independent-contractor doctrine because no facts exist in the record to suggest that Richmond was aware of any special or peculiar risk to the plaintiffs.

For all the above reasons the plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers in this case are remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.